IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 3:23-cr-311-TES-CWB-1 |
| ) | |
| ROBERT AARON SHEPPARD ) | |

**O R D E R**

On October 8, 2024, the United States Magistrate Judge entered a Report and Recommendation (Doc. 56) concerning Defendant Robert Aaron Sheppard's pleas of guilty. As stated in the Report and Recommendation, Defendant Sheppard pled guilty to Count 1, Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o); Count 2, Possession of an Unregistered NFA Firearm, in violation of 26 U.S.C. § 5861(d); and Count 3, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 56, p. 1); (Doc. 34, pp. 1–2).

Both the Government and Defendant Sheppard filed notices of having no objection to the Report and Recommendation. (Doc. 58); (Doc. 59). Therefore, it is **ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 56) concerning Defendant Sheppard's pleas of guilty is **ADOPTED**. The Court accepts Defendant Sheppard's pleas of guilty as to Counts 1, 2, and 3 of the Superseding Indictment (Doc. 34), and he is adjudged guilty of those offenses.

Following his Report and Recommendation, however, the Magistrate Judge

ordered each party to file a brief discussing whether Defendant Sheppard should be detained pending sentencing. (Doc. 61). After his detention hearing on November 1, 2023, the Court released Defendant Sheppard on a $25,000 unsecured appearance bond pending trial. (Doc. 15). Now, considering Defendant Sheppard's pleas of guilty to the above-listed offenses, the Magistrate Judge posed the issue of "whether Count 3 falls within the scope of 18 U.S.C. 3142(f)(1)(A) so as to implicate the provisions of 18 U.S.C. 3143(a)(2) and 18 U.S.C. 3145(c) or whether 18 U.S.C. 3143(a)(1) provides the applicable standard for determining Defendant Sheppard's release or detention pending sentencing." (Doc. 61).

### A. Order of Detention Pending Sentencing

Federal law provides:

> [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A)–(B). Further,

> [a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*Id.* at § 3145(c).

Defendant Sheppard "concedes that 18 U.S.C. § 3143(a) generally requires detention pending sentencing based on his plea of guilty to" Possession of Child Pornography. (Doc. 63, p. 1). "Nonetheless, [Defendant] Sheppard submits that 'exceptional circumstances' exist in this case that warrant his continued release pending sentencing[.]" (*Id.*).

Citing 18 U.S.C. § 3145, Defendant Sheppard argues that "[e]xceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." (*Id.* (quoting *United States v. Foreman*, No. 2:21-cr-174-ECM, 2023 2316181, at *1 (M.D. Ala. Mar. 1, 2023))); *see also United States v. Lea*, 360 F.3d 401, 403 (2nd Cir. 2004). As for his unique combination of circumstances, Defendant Sheppard points to his success on pretrial release with location monitoring, his employment, and his lack of criminal history—"[a]side from the conduct in this case." (Doc. 63, pp. 2–3). Defendant Sheppard also mentions the fact that he is a property owner and that his immediate family has supported him "at every court proceeding" they were permitted to attend. (*Id.* at p 2).

3

In applying § 3143, the Court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted, and according to the Government, it is not recommending that no sentence of imprisonment be imposed on Defendant Sheppard. 18 U.S.C. § 3143(a)(2)(A)(i)–(ii); (Doc. 62, p. 2). Further, Possession of Child Pornography is a "felony under chapter . . . 110" of the United States Code and falls withing the scope of 18 U.S.C. § 3142(f)(1)(A)'s "crime of violence" reference. 18 U.S.C. § 3143(a)(2). Accordingly, the Court finds that the reasons set forth by Defendant Sheppard do not constitute exceptional circumstances warranting his continued release pending sentencing. *See* (Doc. 63, pp. 2–3). Therefore, it is **ORDERED** that Defendant Sheppard shall be immediately remanded to the custody of the United States Marshals Service pending sentencing.

    B.    **Order Setting Sentencing**

The Court **FURTHER ORDERS** as follows:

1.    **Sentencing:**  Sentencing of the defendant is hereby set for **February 3, 2025**, at **9:00 AM**, at the Frank M. Johnson, Jr. United States Courthouse, One Church Street, Montgomery, Alabama.

2.    **Objections to Presentence Report:**  In accordance with Rule 32(f)(1), *Federal Rules of Criminal Procedure*, counsel for the defendant and the Government shall communicate in writing to the probation officer, and to each other, any objections they have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Presentence Report. The probation officer will notify parties of the objection deadline and will schedule a conference to discuss and resolve, if possible, any factual and legal issues contained in the presentence report. **The**

**Court will deem any untimely objections to be waived, absent a good cause showing.**

       3.      **Departure/Variance Requests:**  Any motion for departure or motion for variance shall be filed on or before the conference date with the probation officer, unless based on unknown and unforeseen circumstances arising after that date, in which case the motion must be filed promptly upon discovery of such circumstances.  **Counsel shall not embed a departure or variance request within a sentencing memorandum unless it is accompanied by a separate motion.**

       4.      **Hearing Length:**  Counsel for the defendant and the Government shall notify the Court at least **fourteen (14) calendar days** prior to the sentencing date if the hearing will require the presentation of witness testimony and if the hearing is anticipated to take longer than one hour.

       5.      **Continuances:**  Continuances are strongly disfavored. Any motion for a continuance because of a scheduling conflict or the need for additional time to prepare shall include at least 4 dates and times on which the parties agree the Court can reset the sentencing.

       6.      **Motions:**  Government and defense motions shall be filed **seven (7) calendar days** before sentencing. **These motions shall be filed as separate motions and shall not be embedded within the sentencing memorandum.**

       7.      **Sentencing Memorandums:**  Sentencing memoranda **<u>ARE NOT</u>** required. However, any party desiring to file a sentencing memorandum must do so, along with any attachments, not less than **seven (7) calendar days** before sentencing, with copies served on opposing counsel and the probation officer assigned to the case. The memorandum need not be complicated and may state the party's position about the appropriate sentence without elaboration.

       8.      **Sentencing Exhibits:**  Any paper exhibit that a party may offer at the sentencing hearing, except for exhibits necessary to rebut or respond to another party's sentencing memorandum or arguments at the hearing, shall be filed as an attachment to the sentencing memorandum (*see* paragraph 7 above). As to physical evidence that may be offered at the sentencing hearing, the offering party shall attach a photograph of the physical evidence to the sentencing memorandum. Any storage media (*e.g.*, CDs, DVDs) that may be offered at the sentencing hearing shall be filed conventionally, along with an electronically filed notice of

conventional filing. **Video and audio exhibits shall be filed with the Court at least seven (7) calendar days before the hearing to afford the Court time to view/listen to the recording in advance of the hearing.**

9. **Introduction of Exhibits at Sentencing:** If a copy of an exhibit was filed in accordance with paragraphs 7 and 8 of this Order, that exhibit need not be separately offered at the hearing. Unless there is a written objection filed **at least two (2) calendar days** before the hearing, all exhibits attached to any sentencing memorandums are deemed admitted and may be considered by the Court.

10. **Letters:** The Court strongly prefers that any written letters or personal statements be filed as exhibits to the sentencing memorandums and not mailed or emailed to chambers. Letters that are mailed or emailed to chambers are highly unlikely to be reviewed before the sentencing hearing. The Court will not accept letters at the sentencing.

11. **Redactions:** The parties shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all filings with the court, including exhibits, whether filed electronically or in paper, unless otherwise ordered by the Court. The responsibility for redacting these personal identifiers rests solely with counsel and the parties.

12. Do not send courtesy copies to the Court.

The Clerk of the Court is **DIRECTED** to provide a court reporter. If the defendant is in custody, the United States Marshal is **DIRECTED** to secure the defendant's presence at the hearing.

Nothing contained in this Order shall be construed as impairing the rights of any party as established in the United States Constitution or laws of the United States.

**DONE** this the 17th day of October, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**